**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4522**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DAMON ANTOINE QUICK,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:12-cr-00291-JAB-1)

---

Submitted:  February 20, 2014      Decided:  February 25, 2014

---

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Diana Stavroulakis, Pittsburgh, Pennsylvania, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Antoine Quick appeals his convictions and 216-month sentence imposed after his guilty plea to seven counts of interference with commerce by robbery and one count of brandishing a firearm during a crime of violence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the court had jurisdiction over Quick's crimes, whether Quick's plea was knowing and voluntary, and whether the district court imposed a reasonable sentence. Quick was informed of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

First, the district court had jurisdiction over the case pursuant to 18 U.S.C. § 3231 (2012). Quick pled guilty to a federal crime, and the district court therefore had original jurisdiction over this case. Thus, this claim is without merit.

Turning to the guilty plea, because Quick did not move in the district court to withdraw his guilty plea, the guilty plea proceeding is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11 in accepting Quick's guilty

2

plea.  The court ensured that the plea was knowing, voluntary, and supported by a factual basis.  We therefore find the plea valid and enforceable.  See United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010)("In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness.").

We review Quick's sentence for reasonableness under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  Id.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence.  Id. at 49-51.

If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable.  United States v. Susi, 674 F.3d 278,

3

289 (4th Cir. 2012).  Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in sentencing Quick.  We have thoroughly reviewed the record and discern no error in Quick's sentence.  The court adopted the undisputed Guidelines range and sentenced Quick within this range and the statutory sentencing range applicable to his offense.  In addition, the court gave a thorough explanation for its sentencing, addressing Quick's argument for a lower sentence as well as the Government's arguments for a longer sentence.  Finally, the record fails to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Quick's conviction and sentence.  This court requires that counsel inform Quick, in writing, of the right to petition the Supreme Court of the United States for further review.  If Quick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation. Counsel's motion must state that a copy thereof was served on Quick. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED